# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

ANNA M. FLAMBERG, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 2:12-CV-00200-RWS
SUNTRUST MORTGAGE INC., :
:
    Defendant. :

## **ORDER**

This case is before the Court for consideration of Defendant's Motion to Dismiss [7] and Motion to Stay Discovery and Pretrial Deadlines [8]. After reviewing the record, the Court enters the following Order.

In April 2007, Plaintiff obtained a loan from SunTrust Mortgage, Inc. ("SunTrust") or ("Defendant"). In order to secure repayment of the loan, Plaintiff executed a security deed conveying the property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for SunTrust. Thereafter, MERS granted, sold, assigned, transferred, and conveyed all of its right, title, and interest in the security deed to SunTrust, as evidenced by an assignment recorded in the deed records of Jackson County, Georgia. A second assignment from MERS to SunTrust was recorded on June 5, 2012.

Plaintiff defaulted on her obligations owed under the loan and security deed, and by reason of that default, the loan was accelerated and non-judicial foreclosure proceedings were initiated against the property. The property was foreclosed on July 3, 2012. On July 2, 2012, Plaintiff filed the Complaint in the present action. Though difficult to decipher, Plaintiff's Complaint appears to assert a wrongful foreclosure claim against Defendant and seeks a declaratory judgment regarding the ownership rights and responsibilities of the parties respecting the subject property. The case is presently before the Court for consideration of Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted). However, "[a] pleading

2

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561(quoting Conley v.Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Plaintiff failed to file a response to Defendant's Motion. However, the Court has considered the merits of the Motion and finds that the Complaint fails to set forth facts which could plausibly support a cause of action against

3

AO 72A
(Rev.8/82)

Defendant. The Complaint is composed primarily of unsupported conclusory statements and inapplicable and/or incorrect statements of the law. Therefore, the Court concludes that Plaintiff has failed to plausibly allege a cause of action against Defendant. Based on the foregoing, Defendant's Motion to Dismiss [7] is hereby **GRANTED**. In light of that ruling, Defendant's Motion to Stay Discovery and Pretrial Deadlines [8] is **DENIED AS MOOT**. The Clerk shall close the case.

**SO ORDERED**, this 14th day of September, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)